IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEPRONCE ANTWON BURNETT,

Plaintiff,

v.

LISA GUNDERSON, *et al.*,

Defendants.

OPINION and ORDER

24-cv-850-wmc

---

Plaintiff DePronce Antwon Burnett, a federal prisoner representing himself, alleges that he received inadequate medical care for a leg injury while at the Rock County Jail in violation of Wisconsin state law and his Eighth Amendment rights.  Dkt. 1.  He has filed a motion to extend his deadline to identify expert witnesses and for court assistance in securing expert testimony, Dkt. 32, and a motion for court assistance with the recruitment of counsel, Dkt. 33. For the following reasons, the court will grant in part plaintiff's motion concerning expert witnesses and deny without prejudice his motion for counsel.

## ANALYSIS

**A. Motion to disclose and reserve expert witnesses and request for court assistance, Dkt. 32**

Plaintiff seeks to extend the expert witness disclosure deadline and for the court's assistance "in securing testimony from treating medical professionals."  Dkt. 32 at 4.  His expert disclosure deadline was February 6, 2026.  Dkt. 22 at 5.  He explains that while he has identified the types or categories of experts he would like to use, including the medical care staff who treated him, and can provide that information now, he would like to supplement his expert disclosures with specific individuals later.  Critically, plaintiff does not explain why he

needs testimony from medical care providers other than those involved in his care or why he cannot identify those individuals now through his own medical records.  As the court noted in the preliminary pretrial conference order, "[p]hysicians, nurses and other similar care givers who will be offering evidence only about what they did, and who will not be offering new expert opinions, must be named as experts" by the disclosure deadline but do not have to prepare written reports.  Dkt. 22 at 5–6.  The court moves deadlines for good cause only, and the court is not persuaded that plaintiff has demonstrated good cause here.  As a courtesy, the court will extend plaintiff's expert disclosure deadline to April 27, 2026.  Plaintiff must identify specific individuals by this date.[1]  Defendants may identify any rebuttal experts by May 18, 2026.

As for plaintiff's request for the court's assistance in ensuring witness testimony via subpoenas, the request is premature.  Summary judgment motions are due on April 24, 2026, and it is not yet clear whether any of plaintiff's claims will proceed to trial.  If all or some do, plaintiff can follow the court's guidance for pro se litigants seeking to call witnesses included in the preliminary pretrial packet attached to the preliminary pretrial conference order.  Those procedures instruct that for unincarcerated witnesses who refuse to testify voluntarily, plaintiff must file a request for a subpoena form no later than four weeks before trial.  Plaintiff does not need to obtain any subpoena or other court order for unincarcerated witnesses who agree to testify voluntarily.

---

[1] The court notes for plaintiff's benefit that defendants have filed their expert witness list. Dkt. 34.  If these witnesses were called to testify at trial, plaintiff would be permitted to cross examine them regarding the medical care they provided and would not also need to call them as witnesses in his own case.

**B. Motion for assistance with the recruitment of counsel, Dkt. 33**

Plaintiff also seeks the court's assistance with the recruitment of pro bono counsel. In support, he notes that the case involves constitutional claims and medical evidence, and may require expert testimony, and that he has made reasonable but unsuccessful efforts to obtain counsel on his own. He also states that he has limited formal education and lacks the ability to write, research and prepare filings, his access to his institution's law library is currently limited due to a facility lockdown, and the inmate that had been assisting him with this case has been transferred to another institution.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to recruit counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. He has met this standard because he has qualified for indigent status and is proceeding in forma pauperis. Dkt. 5.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). The court usually requires proof of such efforts, such as copies of responses from attorneys the plaintiff has contacted, but will accept plaintiff's statement that he has made reasonable but unsuccessful efforts for purposes of this motion.

Third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Plaintiff doesn't meet this requirement because it is too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. If plaintiff needs more time to complete a litigation task as a result of a facility lockdown or other circumstances, he may request an extension from the court for good cause.

In this case, plaintiff alleges inadequate medical care for a leg injury. To the extent plaintiff is generally concerned about more trial-type legal tasks such as witness examination and the presentation of evidence, he won't be required to perform those tasks unless the case proceeds to trial. And it is too early to tell what the ultimate scope and complexity of this case will be or whether this case will truly boil down to issues requiring medical experts. The parties are preparing for summary judgment and engaging in discovery, and plaintiff has received the court's summary judgment procedures and guidance on how to use the discovery process to obtain information from defendants to support his claims. Dkt. 22. He can also rely on his personal knowledge of his medical care and his medical records to draft his discovery requests.

Although plaintiff states that he will no longer be receiving assistance from a fellow inmate, he may continue to rely on the court's guidance, and to use other resources available to him at his institution, including the law library, and request an extension of a deadline for good cause. At bottom, plaintiff's filings to date and his participation in the telephonic preliminary pretrial conference suggest that he is able to engage in discovery and litigate his claims, and that his abilities are not below those of the hundreds of plaintiffs who bring cases in this court each year, including medical care cases like this one, without the aid of counsel.

I will deny plaintiff's motion without prejudice. He can renew his motion if his circumstances change and he believes that he is unable to continue to litigate the lawsuit himself. If he refiles his motion, he will need to provide proof of his efforts to obtain counsel on his own and explain what specific litigation tasks he is unable to accomplish.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to disclose and reserve expert witnesses and request for court assistance, Dkt. 32, is GRANTED in part and DENIED in part. Plaintiff's expert disclosure deadline is extended to April 27, 2026, and defendants may identify rebuttal experts by May 18, 2026.

2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 33, is DENIED without prejudice.

Entered April 6, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

5